# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID SIMMS, #455-890, | * |
| Plaintiff | * |
| v | *   Civil Action No. ELH-17-2082 |
| MARTIN O'MALLEY, Former Governor, ANTHONY BROWN, Former Lt. Governor, GREGG HERSHBERGER, PATRICIA DONOVAN, | * * * |
| Defendants | |

\*\*\*

## MEMORANDUM

In this civil rights action, plaintiff David Simms seeks money damages resulting from his alleged unconstitutional placement on Maryland's sex offender registry. ECF 1. Following amendment of the Complaint (ECF 3), the Court issued an Order on October 26, 2017 (ECF 7), substituting former Governor Martin O'Malley, former Lt. Governor Anthony Brown, and former correctional officials Gregg Hershberger and Patricia Donovan as defendants' and dismissing the defendants originally named in the Complaint (State of Maryland, Baltimore City, Baltimore County, Baltimore City Police, Baltimore County Police, Department of Public Safety, Division of Corrections, and Division of Parole and Probation).

Defendants have moved for summary judgment (ECF 12), supported by memoranda (ECF 12-1; ECF 18) (collectively, the "Motion") and exhibits. Simms opposes the Motion. ECF 16; ECF 17.

No hearing is necessary to address the Motion. Local Rule 105.6. For the reasons that follow, defendants' Motion is denied, and Simms' request for appointment of counsel (ECF 1 at 6) is granted.[1]

## I.      Background

Simms is not new to the criminal justice system.[2] He is currently incarcerated at Eastern Correctional Institution ("ECI"), where he is serving sentences imposed following his 2016 convictions in the Circuit Court for Baltimore City for robbery. *See Maryland v. Simms,* Crim. Case. Nos. 116340011, 116340012 and 116340013 (Balt. City Cir. Ct.).

In 1994, Simms was convicted in the Circuit Court for Baltimore County for attempted rape in the first degree, then codified under Md. Code Ann., Art. 27, § 464F. On October 18, 1994, the Circuit Court imposed a 15-year sentence for the offense occurring on April 7, 1994. ECF 12-2 at ¶ 3. Defendant was not required to register as a sex offender at that time.

In 2001, Maryland's sex offender registration law was amended to mandate registration of sex offenders who committed an offense requiring registration before July 1, 1997, if the offender was either in custody or under the supervision of a supervising authority on October 1, 2001. *See* Md. Code. (2001 Repl. Vol.), Crim. Proc. § 11-702.1(a) of the Criminal Procedure ("C.P.") Article.[3] Thus, Maryland's registration statute required Simms to register as a sex offender as of that date. ECF 12-2, ¶ 4. Defendants state that due to an error on the part of DOC staff, Simms was not registered at that time. *Id.*

---

[1] This order adopts the pagination assigned by the Court's electronic docketing system.

[2] *See* http://casesearch.courts.state.md.us/casesearch/inquiry

[3] The Criminal Procedure Article was again replaced in 2008.

On September 6, 2004, while Simms was still incarcerated, Simms was registered as a sex offender and classified as a sexually violent offender under C.P. § 11-701(f)(2) (Supp. 2004), which defines a sexually violent offender as "a person who has been convicted of an attempt to commit a sexually violent offense." ECF 12-2, ¶ 5. The registration period for a sexually violent offender is lifetime. *Id.*, § 11-707(a)(4)(ii)(2). *Id.* On May 12, 2009, Simms was released from DOC custody. ECF 12-2, ¶ 6.

In 2010, following his release, Simms was charged with violating C.P. § 7-105 (theft under $1000), in *Maryland v. Simms,* Case No. 1C00325053 (Balto. Co. Cir. Ct.); C.P. § 6-205(c) (burglary in the fourth degree), in *Maryland v. Simms,* Case No. 3B02067446 (Balto. City Dist. Ct.); and for failing to register as a sex offender, in *Maryland v. Simms*, Case Nos. 111082035 (Balt. City Cir. Ct.) and 2C00333258 (Balto. Co Dist. Ct.). ECF 12-2, ¶ 6. In December 2010, after Simms' release from custody in the Baltimore County Detention Center, Simms registered as a Tier III sex offender under C.P. § 11-701(q)(1)(ii) (Supp. 2010), which defines Tier III sex offender as, *inter alia*, "a person who has been convicted of . . . committing a violation of: . . . § 3-309 . . . of the Criminal Law Article," the successor section to Art. 27, § 464F. ECF 12-2, ¶ 7. The registration period for a Tier III sex offender is also lifetime. C.P. § 11-707(a)(2)(i), (a)(4)(iii).

In August 2014, in the consolidated cases of *Dep't of Pub. Safety & Corr. Servs. v. Doe* and *Hershberger v. Roe*, 439 Md. 201, 94 A.3d 791 (2014), the Maryland Court of Appeals determined that retroactive application of Maryland's sex offender registration statute violated Article 17 of the Maryland Declaration of Rights. As a result, Simms's name was removed from the Maryland Sex Offender Registry ("MSOR") on August 7, 2014. ECF 12-2, ¶ 14. However, the convictions for failing to register remain on his criminal record.

3

## II. Discussion

Simms alleges that defendants violated his rights from October 2004 until August 11, 2014 by requiring him to register as a sex offender on the MSOR. ECF 3 at 5-6. He also alleges that from 2009 through August 2014, he was forced to register, required to comply with the sex offender registration requirements, and was "deliberately incarcerated" for failing to comply with those requirements, in violation of his rights. *Id*. Essentially, Simms argues that defendants violated federal prohibitions on *ex post facto* laws.

*Ex post facto* analysis involves a two-step inquiry. "To fall within the *ex post facto* prohibition, a law must [1] be retrospective . . . and [2] it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing punishment for the crime." *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (citations omitted); *accord Cal. Dep't of Corrs v. Morales*, 514 U.S. 499, 504 (1995); *Collins v. Youngblood*, 497 U.S. 37, 43 (1990) ("Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts."). "The E*x Post Facto* clause does not preclude a State from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." *Smith v. Doe*, 538 U.S. 84, 103 (2003) (upholding Alaska Sex Offender Registry Act as a regulatory, non-punitive statute).

Here, however, the question arises as to what relief may be afforded an individual who (1) serves an additional criminal sentence as a result of a retroactively imposed statutory requirement later stricken, and (2) may suffer later collateral consequences because the additional conviction remains a valid conviction noted on his criminal history.

These questions cannot be answered by an unrepresented litigant. Nor can such a litigant be expected to advocate adequately for any corrective action to which he may be entitled.

There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). But, a court may provide counsel for an indigent prisoner in collateral proceedings if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Although Simms seeks money damages, an award of those damages may not address the consequences of his 2010 convictions for failing to register as a sex offender.

Appointment of counsel is needed to advise Simms and to address issues of monetary compensation and appropriate proceedings seeking to set aside Simms' conviction for failing to register. An Order follows.

Date: June 18, 2018

                                                    /s/
                                          Ellen L. Hollander
                                        United States District Judge